IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kimberly N. Humphrey, | ) | C/A No.: 3:10-cv-01505-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Order |
| | ) | |
| Sallie Mae, Inc., and United Student Aid Funds, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the plaintiff's motion to conduct discovery prior to the Rule 26(f) conference of the parties [Doc. 6]. The plaintiff seeks to serve a subpoena on her cellular phone service provider (Verizon) to obtain electronic data related to the telephone call that forms the basis of the complaint. The plaintiff is concerned that if the subpoena does not issue soon, Verizon may purge the data in accordance with its data retention policy and procedures.

According to the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The court has discretion when deciding matters related to the timing and scope of discovery. *See* Fed. R. Civ. P. 26(b) and (d). When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the

circumstances in which the motion is presented. *E.g.*, *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2046.1 (3d ed. 2010). Factors considered under the reasonableness test include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006).

Here, the court finds that the request for expedited discovery is reasonable under the circumstances. The plaintiff seeks to serve a subpoena on her cell phone service provider. The information sought is specific and relates to the telephone call that forms the basis of the plaintiff's complaint. The court finds that the proposed discovery is limited in scope and relevant to the subject matter of this case.

In addition, good cause exists for granting the motion. The information sought is in electronic format and may be purged by Verizon as part of its ordinary data retention policies and procedures. If the information is destroyed, the plaintiff may suffer irreparable harm. Consequently, the court finds that the subpoena should issue as soon as possible to ensure that the electronic data is preserved. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 650 (D. Minn. 2002) (granting a motion to expedite

discovery before all defendants appeared to ensure that computer information was preserved).

In so ruling, the court is mindful of the *ex parte* nature of the motion, given that the defendants have not yet appeared in this case. At least one court has denied a motion for expedited discovery on this basis alone. *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Unlike the movant in *Yokohama*, however, the plaintiff in this case does not seek discovery from a defendant but instead seeks information from a third-party, who is the plaintiff's very own cell phone service provider, and who will have the opportunity to object to the subpoena if desired under Fed. R. Civ. P. 45. Moreover, the discovery sought in this case is limited in scope, and the plaintiff has a good reason for seeking it now as opposed to later, when the information may no longer exist. *See Antioch*, 210 F.R.D. at 650.

For these reasons, the court grants the motion for leave to conduct discovery prior to the Rule 26(f) conference [Doc. 6]. Because the defendants have not yet appeared, the plaintiff shall serve a copy of this order and the subpoena on the defendants as set forth in Fed. R. Civ. P. 5.

    IT IS SO ORDERED.

June 17, 2010                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge